### Auchu's Estate

*Edwin W. Tompkins*, for petitioner.
*Frank Woods*, for respondent.

HIPPLE, P. J., October 31, 1939.—This is a proceeding in the nature of a petition for a declaratory judgment in which the court is asked to construe the last will and testament of Henry Auchu, deceased, with particular relation to the paragraph thereof creating a trust for the benefit of the daughter of decedent, Edna Niver. The proceedings are regular in form, and answers to the petition for such declaratory judgment have been filed by W. G. Bair, surviving executor of the last will and testament of decedent, as well as guardian ad litem of the minor children of Edna Niver.

Decedent died May 21, 1924. His last will and testament is dated January 23, 1919, and was duly probated and recorded in Cameron County, Pa., in Will Book E, page 203. After making certain specific bequests, decedent divided the residue of his estate into five equal shares, one of which he gave to the children of his deceased daughter, Jennie Regelman; one of which he bequeathed to trustees for the benefit of his daughter, Harriet Bair, during her natural life, and upon her death to her children; one of which he devised to a trustee for the benefit of his son, William Auchu during his natural life, and upon his death to his sisters then living, or their children; one of which he devised to trustees for the benefit of his sister, Ellen Parsons, during her natural life, and upon her death to her children, and the other one-fifth interest, which is the particular devise which the court is asked to construe, he devised to trustees in the following language:

"One of such portions or shares I give, devise and bequeath unto my executors hereinafter named and the survivor of them, in trust, nevertheless, to invest and to keep the same invested and to pay over the net income, from time to time, unto my daughter, Edna Niver, for and during the term of her natural life; so, nevertheless that the same shall be for her sole and separate use notwithstanding any coverture, and not to be in any way or manner whatsoever liable to the contracts, debts or en-

gagements of her husband and not to be in any way or manner whatsoever subject to the control or interference of such husband, and from and immediately after the decease of her, my said daughter, Edna Niver, then, as to the said principal in trust, to and for the only proper use and benefit of all and every, the child and children, which she, my said daughter Edna, may leave and the lawful issue of any of them who may then be deceased, having left such issue, to be equally divided between them, share and share alike. Such issue of any deceased child or children of my said daughter, Edna taking, however, only such part or share thereof as his, her or their deceased parent or parents would have had or taken had he, she or they been living."

At the time this will was executed decedent was a man of considerable means and was interested in various commercial enterprises. At the time of his death the value of his estate was appraised at $370,621.48, less deductions of $135,836, which left the net value of his estate at approximately $234,785.48.

Exercising her right the widow of decedent refused to accept the provisions of this will, took against the same, whereby the residuary estate based upon the above valuation was reduced to the sum of $156,523.66, of which the one-fifth share, based upon such valuation, to be administered by the trustees for the benefit of Edna Niver, amounted to $31,304.73.

The answer to the petition for declaratory judgment filed by the surviving executor and guardian ad litem admits that while the assets were appraised at the amount above set forth, in fact they were only actually worth a small proportion thereof, because they were largely composed of stocks, in manufacturing or commercial enterprises, which companies were heavily involved; that such stocks had no market or sale price, and that by far the greater part thereof had no market or other value whatsoever; that in addition the indebtedness of the estate was greatly increased by reason of contingent and other

obligations of decedent, which, for some reason, were not considered at the time the appraisement of the assets of this estate was made. Subsequently as a part of the pleadings, and which might be regarded as an amendment to the answer filed by the surviving executor and guardian ad litem, there was filed an affidavit admitting that the liabilities of decedent far exceeded the personal assets of the estate; that the estate is insolvent and will likely continue to be insolvent in the future.

The trust estate set aside for petitioner, Edna Niver, consists of cash in the sum of $1,041.70, and whatever interest there may be in the securities owned by decedent at the time of his death, which have practically no market or other value.

The petition alleges that: (1) The provision in the will of decedent with relation to the trust estate set aside for Edna Niver was invalid and void as violating the rule against perpetuities; and (2) that the accomplishment of the purposes of the trust has been defeated and rendered impossible by reason of the depreciation in the value of the securities representing the larger part of the trust estate, and prays that a decree should be entered, declaring the provisions with relation to such trust estate null and void, as being in violation of the rule against perpetuities, and because the intention of testator has been defeated because of the facts above stated.

It is not necessary to discuss the first reason alleged by petitioner. The court is of the opinion that the provision does not in any manner violate the rule against perpetuities. The second reason, however, is more substantial. An examination of the entire will clearly shows that it was the intention of testator, who at the time he executed the will was possessed of a considerable estate, to provide an income for his surviving children, and upon the death of each of them, the principal of the various trusts created should be transferred and paid to the children, or the issue thereof surviving at the date of the death of the several life tenants.

The continuance of the trust created for Edna Niver has been defeated, or substantially impaired, owing to circumstances not anticipated by testator. So that the accomplishment of the purpose of testator in that respect is impossible of fulfilment, or at least has been substantially changed. The amount of cash in the possession of the trustee is only $1,040.70, the income from which at the present day rates of interest would be small, and the balance of the trust estate, being composed of stocks which have no known value, and which in most instances are worthless, would produce no income for the life tenant.

There seem to be no cases in Pennsylvania adjudicating or passing upon this precise question. However, in A. L. I. Restatement of Trusts §336, p. 1019, the following principle is laid down:

"If owing to circumstances not known to the settlor and not anticipated by him the continuance of the trust would defeat or substantially impair the accomplishment of the purposes of the trust, the court will direct or permit the termination of the trust."

Under the facts set forth and now before the court we are of the opinion that the court has authority to direct the termination of the trust, and a distribution of the assets thereof, because the accomplishment of the purposes of the trust has been defeated or substantially impaired owing to circumstances not known to testator and not anticipated by him at the time testator executed his will. Therefore, the following order is made:

### Decree

And now, October 31, 1939, the trust created by the last will and testament of Henry Auchu for his daughter, Edna Niver, is hereby terminated, and the surviving executor of the last will and testament of Henry Auchu, deceased, is hereby directed to deliver to Edna Niver the assets of the trust in his possession, after deducting therefrom the expenses of administration, and such other costs

as are liens against the same, and upon his receiving from Edna Niver a release in full therefor.

Upon delivery of said assets and the execution of said release the surviving executor, W. G. Bair, is hereby discharged from any future liability for or by reason of said trust.